**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>              Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE,<br><br>              Defendant. | 3:20-cv-00399-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Heath Fulkerson's ("Fulkerson"), application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), his motion to submit complaint (ECF No. 1-2), and Defendant Allstate's ("Allstate") motion to dismiss (ECF No. 7). For the reasons stated below, the court recommends that Fulkerson be deemed a vexatious litigant, this case be dismissed, and his *in forma pauperis* application (ECF No. 1), motion to submit complaint (ECF No. 1-2), and Allstate's motion to dismiss (ECF No. 7) be denied as moot.

**I.    SCREENING STANDARD**

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language.  When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6).  *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (citation and quotation marks omitted).  At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or

the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## II.   VEXATIOUS LITIGANT STANDARD

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id.* at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quotation omitted).

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other

parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp.*, No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017), citing to *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004).

### III.  DISCUSSION

Fulkerson filed this action *pro se* against Allstate Insurance for "property liability and insurance bad faith" related to two separate incidents, one on September 20, 2019 and the other on October 5, 2019, in which Fulkerson filed claims related to injuries that occurred on his father's property. (ECF No. 1-1 at 1-2.) Fulkerson claims his father, Larry M. Fulkerson, had renter's insurance through Allstate. (*Id.* at 1.) Fulkerson asserts that the injuries were not covered by Allstate even though the policy was active, and Allstate issued false documents and a denial letter stating they had performed an investigation, "without actually performing an investigation." (*Id.* at 2.) Fulkerson seeks "reinstatement of each claim with proper coverage," as well as actual damages in excess of $750,000 and compensatory damages in excess of $1,250,000. (*Id.* at 2-3.)

#### A.  RECOMMENDATION TO DISMISS

First, Fulkerson's factual allegations are conclusory, vague, and ambiguous. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Here, Fulkerson's largely incomprehensible narrative makes it nearly impossible for the court to identify the factual or legal basis for his claims. Further, Fulkerson asserts little more than conclusory allegations that Allstate denied claims but failed to perform an investigation, but this does not provide the court with sufficient information to show Allstate acted in bad faith. These statements do not create a plausible claim for relief, but instead

are a conclusory, unwarranted deduction of fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (A court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences).

Further, the insurance policy at issue appears to be under Larry Fulkerson's name, not the Plaintiff, Heath Fulkerson. Fulkerson does not assert himself as a named insured, additional insured, an "insured person" or any other individual related to the alleged policy between Allstate and Larry Fulkerson. Thus, it is unclear how Fulkerson has standing to bring this action.

Based on the above, Fulkerson states no claim upon which relief may be granted, and given the vague nature of the allegations, amendment would be futile. *See Cato*, 70 F.3d at 1106. Further, because the court recommends dismissal of the complaint, the court recommends that Allstate's motion to dismiss (ECF No. 7) be denied as moot.[2]

**B.   RECOMMENDATION TO DEEM FULKERSON A VEXATIOUS LITIGANT**

Fulkerson has filed multiple cases *pro se* in the District of Nevada:

1. *Fulkerson v. Allstate Insurance, et al*, 3:19-cv-00710-RCJ-WGC
2. *Fulkerson v. Farmers Insurance Group et al*, 3:19-cv-00714-MMD-WGC
3. *Fulkerson v. State of Nevada*, 3:19-cv-00721-MMD-WGC
4. *Fulkerson v. Public Utilities Commission Nevada*, 3:19-cv-00722-MMD-CLB
5. *Fulkerson v. Allstate Insurance et al*, 3:19-cv-00729-MMD-CLB (as petitioner)
6. *Fulkerson v. Farmers Insurance Group*, 3:19-cv-00753-MMD-WGC
7. *Fulkerson v. Public Utilities Commission Nevada et al*, 3:20-cv-00007-RCJ-WGC
8. *Fulkerson v. Geico*, 3:20-CV-00168-MMD-CLB
9. *Fulkerson v. City of Reno et al*, 3:20-cv-00206-MMD-WGC

---

[2] The court further notes that the motion to dismiss is premature, as a screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *See Glick*, 803 F.3d at 507.

10. *Fulkerson v. Costco*, 3:20-CV-00207-MMD-CLB

11. *Fulkerson v. United States Secret Service et al*, 3:20-cv-00227-RCJ-WGC

12. *Fulkerson v. Internal Revenue Service et al*, 3:20-cv-00239-MMD-WGC

13. *Fulkerson v. Thrive*, 3:20-CV-00241-MMD-CLB (filed on behalf of his spouse)

14. *Fulkerson v. calPERS*, 3:20-CV-00251-MMD-CLB

15. *Fulkerson v. The Hartford*, 3:20-cv-00398-MMD-WGC

16. *Fulkerson v. Nevada Department of Business and Industry*, 3:20-cv-00400-MMD-CLB

17. *Fulkerson v. Allstate Insurance*, 3:20-cv-00409-MMD-CLB

18. *Fulkerson v. State of Nevada Department of Business and Industry*, 3:20-cv-410-MMD-CLB

19. *Fulkerson v. State of Nevada Office of the Attorney General*, 3:20-cv-00419-RCJ-WGC

20. *Fulkerson v. Department of Justice*, 3:20-cv-00425-MMD-WGC

21. *Fulkerson v. James Hardie Building Products, Inc.*, 3:20-cv-00516-MMD-CLB

22. *Fulkerson v. James Hardie Building Products, Inc.*, 3:20-cv-00519-RCJ-CLB

The majority of the above cases (excluding the instant case) have been dismissed or have outstanding Report and Recommendations to dismiss, most often based on lack of jurisdiction, failure to state a claim, or as frivolous. *See Fulkerson v. Farmers Insurance Group et al*, 3:19-cv-00714-MMD-WGC (closed 01/07/20) (dismissed in its entirety for lack of subject matter jurisdiction); *Fulkerson v. State of Nevada*; 3:19-cv-00721-MMD-WGC (closed 02/10/20) (dismissed for failure to file an amended complaint); *Fulkerson v. Public Utilities Commission Nevada*, 3:19-cv-00722-MMD-CLB (closed 04/07/20) (dismissed for failure to state a claim and being a duplicative claim); *Fulkerson v. Allstate Insurance et al*, 3:19-cv-00729-MMD-CLB (closed 04/07/20) (dismissed for duplicative claim and not being a proper plaintiff); *Fulkerson v. Farmers Insurance Group*, 3:19-cv-00753-MMD-WGC (closed 06/03/20) (dismissed for failure to file an amended complaint); *Fulkerson v. Public*

*Utilities Commission Nevada et al*, 3:20-cv-00007-RCJ-WGC (motion to dismiss granted in part); *Fulkerson v. Geico*, 3:20-CV-00168-MMD-CLB (complaint dismissed with leave to amend); *Fulkerson v. City of Reno et al*, 3:20-cv-00206-MMD-WGC (closed 09/03/20) (dismissed with prejudice for failure to state a claim); *Fulkerson v. United States Secret Service et al*, 3:20-cv-00227-RCJ-WGC (closed 09/21/20) (dismissed with prejudice for failure to state a claim and as frivolous); *Fulkerson v. Internal Revenue Service et al*, 3:20-cv-00239-MMD-WGC (Report and Recommendation pending to dismiss based on failure to file *IFP*); *Fulkerson v. Thrive*, 3:20-CV-00241-MMD-CLB (filed on behalf of spouse) (Report and Recommendation pending to dismiss based on non-attorney *pro se* filing on behalf of another *pro se*); *Fulkerson v. calPERS*, 3:20-CV-00251-MMD-CLB (closed 07/06/20) (dismissed based on lack of personal jurisdiction and improper venue); *Fulkerson v. The Hartford*, 3:20-cv-00398-MMD-WGC (complaint dismissed, with leave to amend); *Fulkerson v. Nevada Department of Business and Industry*, 3:20-cv-00400-MMD-CLB (pending screening); *Fulkerson v. Allstate Insurance*, 3:20-cv-00409-MMD-CLB (pending screening); *Fulkerson v. State of Nevada Department of Business and Industry*, 3:20-cv-410-MMD-CLB (pending screening); *Fulkerson v. State of Nevada Office of the Attorney General*, 3:20-cv-00419-RCJ-WGC (closed 09/21/20) (dismissed based on *Heck* bar and *Younger* abstention); *Fulkerson v. Department of Justice*, 3:20-cv-00425-MMD-WGC (closed 09/03/20) (dismissed with prejudice for failure to state a claim and as frivolous); *Fulkerson v. James Hardie Building Products, Inc.*, 3:20-cv-00516-MMD-CLB (pending screening); *Fulkerson v. James Hardie Building Products, Inc.*, 3:20-cv-00519-RCJ-CLB (pending screening).

The court also takes judicial notice of numerous filings made by Fulkerson in the Second Judicial District Court for the State of Nevada, as well as a filing in the United States District Court for the Northern District of California and the United States Court of Appeals for the Ninth Circuit, but compiling a list of all his known cases would be impractical.

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878

F.2d 351, 353 (10th Cir. 1989). Fulkerson has a history of filing *pro se* vexatious and duplicative lawsuits. Fulkerson does not have a good faith motive in pursuing frivolous litigation and he has abused the judicial process by filing lawsuits that he knows will be dismissed. Fulkerson's actions have posed an unnecessary burden on this Court and are a vexatious abuse of the judicial process. Fulkerson is likely to continue his abuse of the judicial process. Requiring Fulkerson to seek leave prior to filing new lawsuits is narrowly tailored because he will still have access to this court by requesting leave. Although the court is raising this issue *sua sponte*, Fulkerson will have notice and a chance to be heard through the objection process.

### 1. Enjoining Vexatious Litigant

If a litigant is deemed vexatious, he will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of the order deeming the litigant vexatious must be attached to any application. Failure to comply will be sufficient grounds for denial of the application. *See De Long*, 912 F.2d at 1146-47.

## IV.     CONCLUSION

For the reasons articulated above, the court recommends that Fulkerson's complaint (ECF No. 1-1) be dismissed for failure to state a claim, his application to proceed *in forma pauperis* (ECF No. 1) be denied as moot, his motion to submit complaint (ECF No. 1-2) be denied as moot, Allstate's motion to dismiss (ECF No. 7) be denied as moot, and Fulkerson be deemed a vexatious litigant.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.   RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be **DISMISSED**, for failure to state a claim;

**IT IS FURTHER RECOMMENDED** that the motion to submit complaint (ECF No. 1-2) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Allstate's motion to dismiss (ECF No. 7) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Heath V. Fulkerson be deemed a **VEXATIOUS LITIGANT** pursuant to 28 U.S.C. § 1651(a) and be **ENJOINED** and **PROHIBITED** from filing any complaint, petition, or other document in this court without first obtaining leave of this court;

**IT IS FURTHER RECOMMENDED** that the Court enter an order stating that if Heath V. Fulkerson intends to file any papers with the court, he must first seek **LEAVE** of the Chief Judge of this court in accordance with the procedure outlined above;

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be authorized to reject or refuse to file, and/or discard any new complaint, petition, document on a closed case, or any

other document submitted without first seeking leave of the Chief Judge as stated above; and

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

DATED: October 8, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**