UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>                       Plaintiff,<br>     v.<br>ALLSTATE INSURANCE,<br><br>                       Defendant. | Case No. 3:20-cv-00399-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

*Pro se* Plaintiff Heath Fulkerson ("Plaintiff" or "Fulkerson") filed a complaint against Defendant Allstate Insurance alleging property liability and insurance bad faith related to two separate incidents on Plaintiff's late father's property. (ECF No. 1-1 ("Complaint").) Plaintiff also filed an application to *proceed in forma pauperis* (ECF No. 1), along with a motion to submit his Complaint (ECF No. 1-2 ("Submission Motion")). Defendant has moved to dismiss Plaintiff's Complaint. (ECF No. 7 ("Dismissal Motion").)[1]

Before the Court is the Report and Recommendation (ECF No. 10 ("R&R")) of United States Magistrate Judge Carla L. Baldwin. The R&R recommends the Court deem Plaintiff a vexatious litigant, this case be dismissed, and Plaintiff's *in forma pauperis* application along with his Submission and Dismissal Motions be denied as moot. (*Id.* at 1.) Plaintiff filed a "reply" to Judge Baldwin's R&R, which the Court will interpret as an objection to the R&R. (ECF No. 11 ("Objection").)[2] Additionally, Plaintiff's

---

[1] Plaintiff did not file a response to Defendant's Dismissal Motion. In any event, Defendant was not required to file any responsive pleading because the Court has not directed the Complaint to be filed and served.

[2] Plaintiff's objection to the R&R and his request for a change of venue were filed in the same motion. Plaintiff's Objection and his Venue Motion thus appear respectively as ECF Nos. 11 and 12 on the docket.

Objection appears to request a change of venue, which the Court will treat as a motion to transfer venue. (ECF No. 12 ("Venue Motion").)

The Court will overrule Plaintiff's Objection because the Court agrees with Judge Baldwin's recommendations, and will fully adopt the R&R. Additionally, the Court denies Plaintiff's Venue Motion as there is insufficient factual or legal basis to grant the Motion.

## II.  BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 10 at 4) and the list of (22) cases Fulkerson has filed in this Court (*id.* at 5-6), and does not recite it here.

## III.  PLAINTIFF'S OBJECTION

### A.  Review of the Magistrate Judge's Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's Objection to the R&R (ECF No. 11), the Court undertakes a *de novo* review of it.

### B.  Failure to State a Claim

Judge Baldwin recommends that Plaintiff's Complaint be dismissed for failure to state a claim and because Plaintiff has not shown he has standing to bring this action. (ECF No. 10 at 4-5.) Plaintiff counters that his case is "brought on factual grounds" and "his claim brought has factual basis." (ECF No. 11 at 1.) However, a *de novo* review of Plaintiff's Complaint reveals that Plaintiff's factual allegations are indeed—as Judge Baldwin determined—"conclusory, vague, and ambiguous." (ECF No. 10 at 4.) Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Here, Plaintiff's Complaint fails to show Defendant acted in bad faith and Plaintiff is entitled to relief. Nor

does the Complaint establish that Plaintiff has standing to bring this action. The Court agrees with Judge Baldwin's recommendation that the Complaint be dismissed.

### C.   Vexatious Litigant

Judge Baldwin's R&R recommends that Plaintiff be deemed a vexatious litigant and be "enjoined from filing any further action or papers in the district without first obtaining leave of the Chief Judge of this court." (ECF No. 10 at 5-8.) Plaintiff's Objection does not address this recommendation. The Court need only "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). However, a court must approach the fact of declaring a litigant vexatious with caution and pre-filing orders to that effect "should rarely be filed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

The Ninth Circuit has provided guidelines for courts to apply before ordering pre-filing restrictions. *Id.* at 1146-48. First, to be compliant with the requirements of due process, a court must provide the litigant with notice and "an opportunity to oppose the order before it is entered." *Id.* at 1147. Second, to ensure adequate review, a court must provide "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* Third, the district court must make "substantive findings as to the frivolous or harassing nature of the litigant's action." *Id.* at 1148 (citation omitted). Finally, a vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

Here, Judge Baldwin's R&R provided Plaintiff with notice and the objection process gave Plaintiff an opportunity to oppose the R&R and this order. Plaintiff forwent his opportunity in not raising his opposition in his Objection. Judge Baldwin's citation to 22 different cases in the District of Nevada where Plaintiff is a *pro se* litigant (ECF No. 10 at 5-7), establishes a case list on the record that leads the Court to conclude a

///

///

///

vexatious litigant order is needed.³ As Judge Baldwin correctly noted, these cases were dismissed based on lack of jurisdiction, failure to state a claim, duplicative, or because they were frivolous. (*Id.* at 6-7.) These cases show Plaintiff's "activities [are] numerous" and "abusive." *De Long*, 912 F.2d at 1147. Moreover, the Court agrees with Judge Baldwin that "[r]equiring Plaintiff to seek leave prior to filing new lawsuits is narrowly tailored because he will still have access to this court by requesting leave." (ECF No. 10 at 8.) *See Tagle v. Dep't of Homeland Sec.*, Case No. 2:15-cv-02506-APG-VCF, 2019 WL 2305155, *1 (D. Nev. May 30, 2019) (requiring a vexatious litigant to seek leave of court before filing any additional actions). For the foregoing reasons, the Court agrees with Judge Baldwin and adopts the R&R in its entirety.

## IV. VENUE

Plaintiff asks for a transfer of venue "due to the Cvourt [*sic*] being prejudicial and violating his right to a fair court case" (ECF No. 12 at 1), because of "the inequalities and rampid [*sic*] violations" of his rights. (*Id.*) For Plaintiff to transfer venue, two requirements must be met on its face: "(1) that the district to which [Plaintiff] seeks to have the action transferred is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256 (W.D. Wash. 2005) (citing 28 U.S.C. § 1404(a)). Plaintiff's Venue Motion does neither. Plaintiff has failed to meet his burden of proof. *See Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007) ("The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interest of justice."). The Court thus denies Plaintiff's Venue Motion.

///

///

---

³Judge Baldwin additionally took judicial notice that Plaintiff has also made filings in the Second Judicial District Court for the State of Nevada, U.S. District Court for the Northern District of California, and the Ninth Circuit. (*Id.* at 7.)

4

## V. CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 10) is accepted and adopted in full.

It is further ordered that Plaintiff's objection (ECF No. 11) is overruled.

The Court declares that Heath Vincent Fulkerson is a *vexatious litigant*. The Court invokes its inherent authority under 28 U.S.C. § 1651(a) to enjoin and prohibit Fulkerson from filing any complaint, petition, or other document in this Court without first obtaining leave of this Court. In order to file any papers in this Court, Fulkerson must first file an application for leave. The application must be supported by a declaration of Fulkerson stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that Fulkerson has conducted a reasonable investigation of the facts and investigation supports Fulkerson's claim or claims. A copy of this order declaring that Fulkerson is a vexatious litigant must be attached to any application submitted to this Court. Failure to comply with these instructions will be sufficient grounds for denial of an application.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that Plaintiff's complaint (ECF No. 1-1) be filed.

It is further ordered that Plaintiff's complaint (ECF No. 1-1) is dismissed for failure to state a claim.

It is further ordered that Plaintiff's motion to submit (ECF No. 1-2) his complaint is denied as moot.

It is further ordered that Defendant's motion to dismiss (ECF No. 7) is denied as moot.

It is further ordered that Plaintiff's motion to transfer venue (ECF No. 12) is denied.

///

1    The Clerk of Court is directed to close the case and enter judgment accordingly.

2    DATED THIS 25th Day of November 2020.

    _____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE